IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Lawrence Charles,<br>    Plaintiff,<br><br>v.<br><br>Loudoun Times-Mirror, *et al.*,<br>    Defendants. | Case No. 1:24cv368 (RDA/LRV) |

MEMORANDUM OPINION and ORDER

Lawrence Charles, a Virginia state prisoner proceeding *pro se*, has filed a civil action against three defendants—Loudoun Times-Mirror; Ogden Newspapers; and Evan Goodenow. Dkt. No. 1. Plaintiff's claims are based upon alleged violations of Virginia statutes. He asserts this Court has jurisdiction under 28 U.S.C. §§ 1332 and 1367. *Id.* at 1, 4. Section 1332 provides for "diversity jurisdiction," which is established in cases where there is *complete diversity* of citizenship and where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Section 1367 provides what is deemed "pendent jurisdiction" or "supplemental jurisdiction," which allows district courts to exercise supplemental jurisdiction over state law claims that "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).[1]

It is Plaintiff's burden to establish subject matter jurisdiction. *Piney Run Pres. Ass'n v. Cnty. Comm'rs*, 523 F.3d 453, 459 (4th Cir. 2008) (holding that it is plaintiff's burden to establish court's subject matter jurisdiction). Subject matter jurisdiction can also be raised by a district court

---

[1] *See Axel Johnson, Inc. v. Carroll Carolina Oil Co., Inc.*, 145 F.3d 660, 662 (4th Cir. 1998) (pendent jurisdiction "exists whenever there is [a federal claim], and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.' The federal claim must have substance sufficient to confer subject matter jurisdiction on the court [and] [t]he state and federal claims must derive from a common nucleus of operative fact.") (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) (citations and footnotes omitted)).

*sua sponte*. *Brickwood Contrs., Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) ("questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court") (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)); *see also Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir.1999) (recognizing that "a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction").

Here, the complaint indicates that Plaintiff is a resident of Loudoun County, Virginia; and defendant Loudoun Times-Mirror, is a newspaper located in Loudoun County, Virginia (specifically Leesburg, Virginia), which is also its principle place of business. Plaintiff does not provide an address for defendant Ogden Newspapers, the Loudoun Times-Mirror parent corporation, and states it is "unknown." Plaintiff also states that defendant Evan Goodenow's address is "unknown." Dkt. No. 1 at 2. If one defendant, however, is a citizen of the same state as the plaintiff, complete diversity is nonexistent, and federal jurisdiction will not lie. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *see Athena Automotive, Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir.1999) ("diversity jurisdiction depends on the citizenship status of the parties at the time an action commences, we must focus our jurisdictional inquiry solely on that time") (citations omitted).[2] Plaintiff admits that he and defendant Loudoun Times-Mirror are Virginia residents. It is, therefore, evident from the face of the complaint that complete diversity does not exist and therefore § 1332 is not a basis for jurisdiction.

The allegations in the complaint also fail to establish any basis for jurisdiction under § 1367. A district court has supplemental jurisdiction over state law "claims pursuant to 28 U.S.C. § 1367(a) so long as they 'derive from a common nucleus of operative fact' with the original

---

[2] "With respect to the citizenship of a corporation for diversity purposes, § 1332 provides, 'a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" *Athena Automotive,* 166 F.3d at 290 (quoting 28 U.S.C. § 1332(c)(1)).

2

federal claims." *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (quoting *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 500 (7th Cir. 1999) (citation omitted)). Here, there is no federal claim, which negates the possibility of there being a common nucleus of operative facts. *See* 28 U.S.C. § 1367(c) ("the district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."); *see also Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). The Fourth Circuit has echoed this sentiment, declaring "a strong preference that state law issues be left to state courts in the absence of diversity or federal question jurisdiction." *Arrington v. City of Raleigh*, 369 F. App'x 420, 423 (4th Cir. 2010); *see also Waybright v. Frederick County*, 528 F.3d 199, 209 (4th Cir. 2008) (once the federal question "is gone," there "is no good reason" to exercise supplemental jurisdiction over a state law claim).

Consequently, if a plaintiff states no federal claim against the defendants, "it is appropriate for the Court to decline to exercise supplemental jurisdiction as to the several state tort claims plaintiff asserts against them." *Goodman v. Johnson*, No. 1:11cv79, 2011 WL 13092908, at *4 (E.D. Va. May 24, 2011); *see, e.g. Doe v. Montgomery County*, 47 F. App'x 260, 261 (4th Cir. 2002) (district court did not abuse it discretion by refusing to exercise supplemental jurisdiction over the state law claim after it found plaintiff had not stated a federal claim under 42 U.S.C. § 1983).[3] As there is no basis for supplemental jurisdiction, this matter will be dismissed without

---

[3] *PilePro, LLC v. Chang*, 152 F. Supp. 3d 659, 672 (W.D. Tex. 2016) (where there is "no federal claim to which the remaining state claims could be supplemental, there can be no supplemental jurisdiction") (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)), *aff'd sub nom. PilePro, L.L.C. v. Heindl*, 676 F. App'x 341 (5th Cir. 2017); *see also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) ("If no federal

3

prejudice. *See Axel Johnson*, 145 F.3d at 662 (4th Cir. 1998) (pendent jurisdiction does not exist without a federal claim that , and the relationship between that shares a common nucleus of operative facts with a related state claim).

Plaintiff is hereby advised that he is free to pursue his state claims in the appropriate state court, should he wish to do so.

Accordingly, it is hereby

**ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

This is a final Order for the purposes of appeal. To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to send Plaintiff a copy of this Order and close this civil action.

Entered this __18__ day of __March__ 2024.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

claim survives summary judgment, the court sees no reason why the other claims should not be dismissed or remanded pursuant to 28 U.S.C. § 1367(c)(3)."); *Eubanks v. Gerwen*, 40 F.3d 1157, 1162 (11th Cir. 1994) (stating that since the "federal claims [had] been disposed of rather early on at the summary judgment phase[,] . . . comity suggests that the remaining state law malicious prosecution claim should be heard in state court").